UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:10-cv-112-WTL-DML |
| ) | |
| HARLEY LAPPIN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Selected Matters**

For the reasons explained in this Entry, the action sought by the plaintiff in his affidavit for removal of judge must be **denied.**

**I.**

Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. *See Hamm v. Bd. of Regents,* 708 F.2d 647, 651 (11th Cir. 1983). Section 144 relates only to charges of actual bias. *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir. 1990). Under § 455, a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994). Although the plaintiff has submitted an affidavit, this effort does not meet the requirement of § 144 because the *pro se* plaintiff is without the means of satisfying the "certificate of counsel" requirement and is thus unable to seek disqualification under § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D.Ind. 1996). His request for recusal is therefore treated as being made pursuant to 28 U.S.C. § 455(a), although in fact the standards for the two statutes are the same. *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985) ("[W]e shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1).")

**II.**

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself when he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted).

As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

Here, the plaintiff's request depends entirely on his dissatisfaction with rulings or other aspects of the present action and with another action to which he is a party. This dissatisfaction does not present or even suggest any evidence that would lead a reasonable observer to believe that the undersigned is incapable of ruling fairly, as required to establish actual bias under § 455(b)(1). *See Collins v. Illinois,* 554 F.3d 693, 697 (7th Cir. 2009)(citing cases).

### III.

Based on the foregoing, therefore, the action sought by the plaintiff in his affidavit for removal of judge (dkt 25) is **denied.**

**IT IS SO ORDERED.**

Date: 07/01/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Rudy Stanko
#18259-013
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808